803 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RALPH JOHNSON, Petitioner-Appellant
v.
E. P. PERINI, Respondent-Appellee.
 No. 86-3055.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1986.
 
 BEFORE: KEITH and GUY, Circuit Judges; and BALLANTINE,* District Judge.
 PER CURIAM.
 
 
 1
 The habeas corpus petitioner, Ralph Johnson, challenges the constitutional sufficiency of his conviction of aggravated murder, upon which he is confined serving a life sentence. Magistrate David S. Perelman recommended a denial of habeas on July 23, 1985. This recommendation was adopted by United States District Judge George White in a Memorandum and Order issued September 5, 1985. It is from this denial of habeas which petitioner now appeals. We affirm, holding that all of petitioner's state claims were not fully exhausted and therefore not ripe for habeas review.
 
 
 2
 Petitioner Johnson was indicted on one count of aggravated murder as defined in Section 2903.01 of the Ohio Revised Code. A jury found petitioner guilty of the count charged in the indictment. Thereafter, the trial court sentenced petitioner to a term of life imprisonment. The conviction was appealed to the Ohio Court of Appeals, Eighth Judicial District.
 
 
 3
 Petitioner claims that he was denied a fair trial first, by being precluded from arguing that decedent's wounds were self-inflicted, and second, from allowing the prosecution's witness, Dr. Adelson, to testify on rebuttal that the wounds were not self-inflicted. However, petitioner was not precluded from arguing decedent's death was a suicide. Rather, the trial judge held that if such an argument was made, that photographs of decedent would be admitted into evidence. Petitioner's third and fourth claims allege denial of due process of law because of improper jury instructions given by the trial court. Petitioner argues that the jury was erroneously instructed that it should not consider the lesser included offenses of murder and voluntary manslaughter until the jury had found the defendant not guilty of the greater offense, aggravated murder. Petitioner further alleges the jury was improperly instructed on the elements of voluntary manslaughter.
 
 
 4
 We hold that petitioner's habeas claim was properly dismissed based on Rose v. Lundy, 455 U.S. 509 (1982). Under Rose v. Lundy, there is a "total exhaustion" rule: all federal claims must be exhausted at the state level before a habeas petition can be reviewed. We note that petitioner's third and fourth claims, concerning improper jury instructions, were never argued at the state level. Indeed, there was not even an objection to the jury instructions at the trial court. Accordingly, we affirm.
 
 
 
 *
 Honorable Thomas A. Ballantine, Jr., United States District Court for the Western District of Kentucky, sitting by designation